IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DONNA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-3041-CV-S-ODS |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying her application for supplemental security income ("SSI") benefits. The Commissioner's decision is reversed and the case is remanded for further proceedings.

1. The ALJ must re-evaluate Plaintiff's credibility. The ALJ discounted Plaintiff's testimony because her allegations were "not consistent with her daily activities." Those activities consisted of going to school part-time, enjoying time spent with her grandson, and her expressed desire to go to school and work. R. at 17. The probative value of these activities is unclear. Plaintiff ability to go to (and enjoy) school *part-time* does not confirm that she can work *full-time*, particularly when (1) there are no findings about how well Plaintiff was adjusting to part-time attendance at school and (2) GAF scores and contemporaneous treatment notes suggest she was having difficulty coping with this part-time endeavor. E.g., R. at 363. The fact that Plaintiff wanted to go to school or return to work speaks well of her motivation, but does not address her capability. Finally, the Court does not believe that Plaintiff enjoying time with her grandson and cooking contradicts her testimony or otherwise demonstrates anything about her credibility.

The ALJ also intimated that it was a lack of job skills that precluded Plaintiff from working. R. at 17. However, the ALJ rejected the October 2010 opinion of a vocational

rehabilitation counselor from the Washington Department of Social and Health Services, which indicated Plaintiff's inability to progress in the program was due to her "emotional health and anxiety." R. at 252. It is true that the counselor did not provide much detail or explanation, but the ALJ cannot have it both ways: he cannot conclude Plaintiff's inability to work was due to lack of training, then reject – without further investigation – a vocational counselor's opinion that Plaintiff was not trainable due to her mental/emotional status. The ALJ also noted Plaintiff was re-admitted into Washington's vocational rehabilitation program in April 2012, but (1) there is no indication that this attempt was more successful than the first and (2) even if it was, more than one year passed between the end of the first enrollment and the start of the second, which could mean Plaintiff's mental and emotional problems stabilized in April 2012 and she was disabled before then.

2. The ALJ must reconsider the July 2012 medical source statement ("MSS") provided by Amanda Joyce in conjunction with all other records from Lower Columbia Mental Health Center.

- The ALJ rejected the MSS "because it is not consistent with the claimant's daily activities, such as attending school, studying, attending AA meetings and cooking." Given the potentially overstated probative value of Plaintiff attending school part-time (as discussed above), none of these facts really contradict the MSS.

- The ALJ noted Joyce's opinion regarding Plaintiff's difficulty in stressful situations, but determined this was (1) contradicted by the indication that Plaintiff could attend to her activities of daily living and (2) accommodated by the RFC's limitation to "simple, routine tasks." The Court disagrees: being able to cook, clean, dress oneself, and engage in other activities of daily living does not mean one can handle stressful workplace situations.

- The ALJ found "Joyce simply checked boxes in the questionnaire drafted by the claimant's attorney, and did not provide medical findings to support her opinion." The MSS is not simply a series of checked boxes, as narrative explanations are provided. In addition, medical records from Lower Columbia Mental Health

2

Center were provided to support the MSS. The ALJ made no mention of these contemporaneous treatment records.

- The ALJ held Joyce's opinion was inconsistent with the opinion proffered by Bruce Eather, a consulting psychologist who reviewed Plaintiff's file. However, Joyce's opinion appears consistent with the records of Lower Columbia Mental Health Center – not only hers, but those provided by Devlyn Neveux. The ALJ did not address the treatment records from Lower Columbia Mental Health Center generally (or those prepared by Neveux specifically); he only relied on Eather's evaluation of those records. On remand, the ALJ should consider the entirety of the treatment record from all sources.

IT IS SO ORDERED.

DATE: November 25, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT